IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IKOMA GEORGE,                              )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )          No. 02-1344-WEB
                                           )
THE CITY OF WICHITA, KANSAS,               )
a municipal corporation; and               )
DETECTIVE JAMES J. BRATT,                  )
                                           )
                    Defendants.            )
_____    )


**<u>Memorandum and Order</u>**

A judgment dismissing this action was entered on December 1, 2004. Doc. 48. On January 14, 2005, plaintiff filed a motion for leave to file a notice of appeal out-of-time. Doc. 51. The defendants have filed a response opposing the motion for additional time.

With certain exceptions, the notice of appeal in a civil case must be filed within 30 days after the judgment is entered. Fed.R.App.P. 4(a). One exception is found in Fed.R.App.P. 4(a)(5), which provides that the district court may extend the time if a party so moves no later than 30 days after the initial 30-day period expired and the party shows excusable neglect or good cause. Plaintiff's motion to extend the time in this case alleges that excusable neglect exists.[1]  In support of the allegation, plaintiff has included a rather

_____

[1] To the extent plaintiff's motion is premised upon Fed.R.App.P. 4(a)(6), the court finds plaintiff has not satisfied the prerequisites of that subsection, as plaintiff's counsel apparently received notice of the court's order within 21 days after entry. *See Benevento v. United States*, 2000 WL 890381 (S.D.N.Y.2000) (Receipt of notice of entry of judgment by a party's counsel constitutes notice to the party and precludes the application of F.R.App.P. 4(a)(6)).

bare-bones statement claiming that counsel for plaintiff did not immediately receive the court's

Memorandum and Order after it was issued, that counsel inadvertently sent a copy of the order to plaintiff's

former address and that plaintiff did not receive it for at least several weeks after it was issued, and that

plaintiff was unable to make an appointment with counsel to discuss an appeal until after the original 30-day

period expired.

In *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the

Supreme Court held that a bankruptcy attorney's inadvertent failure to file a proof of claim within the bar

date could constitute excusable neglect. The Court rejected a line of cases stating that excusable neglect

could only arise where the failure was due to forces beyond the control of the movant, noting that the term

"neglect" encompasses both faultless omissions and omissions caused by carelessness. Thus, Congress

intended that the courts would be permitted, where appropriate, to accept late filings caused by

inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

As to what constitutes "excusable" neglect, the Court said that although inadvertence, ignorance of the

rules, or mistakes construing the rules do not usually constitute "excusable" neglect, the term is an elastic

concept. *Id*. at 392. The determination of whether a failure to meet a deadline is "excusable" is at bottom

an equitable one, taking into account all of the circumstances, including: (1) the danger of prejudice to the

other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for

the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant

acted in good faith. *Id*. at 395. *See also City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041,

1046 (10th Cir. 1994) (*Pioneer* standard applies to Rule 4(a)(5).

Under the *Pioneer* test, the court will grant the motion to extend the time for filing an appeal. There

2

is nothing to suggest the defendants would suffer any prejudice as a result of an extension.  The delay from

the extension is minimal and will have no impact on the proceedings.  Plaintiff's factual statement as to the

reason for the delay is somewhat lacking in specifics, but it includes allegations that a number of factors,

including an inadvertent mis-mailing of the order, contributed to the failure.  *Cf. Bishop v. Corsentino*, 371

F.3d 1203, 1206 (10th Cir. 2004) (no excusable neglect where plaintiff had simply not decided whether

to appeal).  Finally, there is no evidence that the request is not made in good faith.

> *Conclusion*.

Plaintiff's Motion for Leave to File Notice of Appeal Out of Time (Doc. 51) is GRANTED.

Plaintiff shall have ten days from the date of this order to file a notice of appeal.  IT IS SO ORDERED this

20th    Day of January, 2005, at Wichita, Ks.


                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge